IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

                Plaintiff,                OPINION AND ORDER

v.

                                  22-cv-238-wmc

LT. FISHER, SGT. OSWALD,
SGT. SAYLOR, CO WARNER,
CO HAEKENSACK, and
NURSE ADAMS,

                Defendants.

---

*Pro se* plaintiff Jeff Poff, an inmate housed at the Wisconsin Secure Program Facility, is proceeding on claims that Lt. Fisher used excessive force against him on July 14, 2020, and that several other correctional officers and a nurse refused to intervene. (Dkt. #7.) On October 14, 2022, defendants filed a motion for partial summary judgment alleging that Poff did not exhaust his administrative remedies with respect to all defendants except Fisher before filing this lawsuit.[1] (Dkt. #20.) Poff's response is currently due on November 4, 2022.

Poff has filed two motions, each seeking different kinds of relief. In the first, he asks for an extension of time to respond to defendants' motion, copies of defendants' motion and supportive materials, and a court order transferring him to another prison.

---

[1] Defendants filed two motions on October 14, 2022, a motion for summary judgment (dkt. #17) and a motion for partial summary judgment (dkt. #20). The only difference between them is that the second motion and brief in support clarify that defendants are seeking partial summary judgment. Understanding the second motion and brief to be merely correcting a clerical error in the first, the court will deny the first motion without prejudice and accept the second motion and brief, and Ellen Ray's declaration and exhibits, as the operative filings to which Poff must respond. (Dkt. ##19, 20, 21.)

(Dkt. #22.) In support of an extension, Poff asserts that he has twice been denied access to the law library, is in segregation, and has yet to receive a copy of defendants' filings. Poff captions his second motion as a motion to compel. (Dkt. #27.) Poff notes that he has received copies of defendants' motion and supporting materials but reiterates that he is still being denied access to the law library. Poff also wonders whether the court is receiving his motions and other filings, argues against granting summary judgment in defendants' favor and requests an "immediate injunction against WSPF." (*Id.* at 3.) Poff does not specify what, if any, injunctive relief he is seeking in addition to a transfer.

As for Poff's litigation concerns, the court has received his motions as well as three discovery-related filings. (Dkt. ##22, 23, 24, 25, 27.) Because Poff has now received copies of defendants' motion and supporting materials, the court will deny his request for copies as moot. Going forward, Poff should keep in mind that mail may take several days to reach him. The court will also extend Poff's upcoming response deadline by two weeks to account for any delay in receiving his mail and in accessing the law library.[2] If Poff's access to the law library continues to be denied, he should raise his concerns with defense counsel. If the problem remains unresolved as his new deadline approaches, Poff may request an additional extension for good cause. Poff can notify the court by his response deadline if he intends to stand on the arguments he makes in his second motion (dkt. #27) rather than file an opposition brief or submit any additional materials.

---

[2] In his motions, Poff complains that he was not allowed to use the law library before the October 14, 2022, deadline for filing a summary judgment motion for failure to exhaust administrative remedies. But Poff did not need to preemptively assert or show proper exhaustion -- failure to exhaust is an affirmative defense for defendant to raise. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense).

The court will deny Poff's request for a transfer. In addition to the litigation concerns the court has addressed, Poff alleges that several of his medications have been discontinued in retaliation for filing this lawsuit and he is on a hunger strike in protest. (Dkt. #22 at 3-4.) Poff does not renew these concerns in his second motion. Regardless, he is not proceeding in this lawsuit on medication-related claims against any of the defendants, so even if he is experiencing retaliatory behavior, the court lacks the authority in this lawsuit to enjoin it. As the court explained in its September 6, 2022, order denying Poff's previous request for injunctive relief, he must present a retaliation claim in a lawsuit separate from the lawsuit which is alleged to have provoked the retaliation. (Dkt. #16 at 1-2.) Although Poff claims his health and safety are now at risk, he does not describe his medical needs the "1/2 dozen" medications address beyond referencing an inhaler pump for his asthma and "headache meds." (*Id.* at 2.) Moreover, Poff has been placed on meal monitoring as of October 17, 2022, so the court cannot conclude that he is at risk of imminent, irreparable harm at WSPF and thus entitled to any injunctive relief. (Dkt. ##22-1 at 4-5.)

Poff has made four requests for an injunction. (Dkt. ##6, 12, 22, 27.) If Poff renews his request, he must follow the required procedures, a copy of which will be provided with this order, and bear in mind that he must also make the following showing: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2001). For now, Poff should focus on the task at hand, which is preparing his response to defendants' motion for summary judgment.

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. #17) is DENIED without prejudice.

2) Plaintiff's motion for an extension of time and production of documents and injunction (dkt. #22) is GRANTED in part and DENIED in part as follows:

    i. Plaintiff may have until **November 18, 2022**, to respond to defendants' motion for partial summary judgment;

    ii. Plaintiff's request for copies is DENIED as moot;

    iii. Plaintiff's request for a transfer is DENIED. The clerk of court is directed to mail plaintiff a copy of the court's procedures for seeking injunctive relief with this order.

3) Plaintiff's motion to compel (dkt. #27) is DENIED.

Entered this 20th day of October, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge