IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFF POFF,

                         Plaintiff,

     v.

LT. FISHER, SGT. OSWALD,
SGT. SAYLOR, CO WARNER,
CO HAEKENSACK and
NURSE ADAMS,

                     Defendants.

OPINION AND ORDER

22-cv-238-wmc

---

*Pro se* plaintiff Jeff Poff, an inmate housed at the Wisconsin Secure Program Facility, is proceeding on claims that Lieutenant Fisher used excessive force against him on July 14, 2020, and that several other correctional officers and a nurse refused to intervene. (Dkt. #7.) On October 14, 2022, defendants filed a motion for partial summary judgment alleging that Poff did not exhaust his administrative remedies with respect to all defendants except Fisher before filing this lawsuit. (Dkt. #20.)

Poff has since submitted four discovery requests and five motions for various forms of relief, including copies of defendants' filings, extensions, and a transfer to another prison. (Dkt. ##22, 23, 24, 25, 27, 29, 30, 31, 32.) The court resolved some of these requests in a prior order (dkt. #28), and it now addresses the remaining issues.

## I.  Discovery requests

As for his discovery requests (dkt. ##23, 24, 25, 30), Poff should not file them with the court, except to support some other matter in this lawsuit. Poff must send his requests to defense counsel directly, who will then have 30 days to respond. *See* Fed. R. Civ. P. 33,

34, 36.  The court's preliminary pretrial conference order contains further guidance on the discovery process.  (*See* dkt. #15.)

## II. Request for copies

Poff also renews his request for copies.  (Dkt. #31.)  He has received defendants' summary judgment brief and supportive materials, but not a copy of the motion itself at dkt. #20.  In the interest of efficiency, the court will send Poff a copy of this three-page document, which does not contain any legal argument.  Poff should direct future requests for copies to the clerk's office, who will either provide Poff copies for a fee or inform defense counsel if future filings fail to reach him after a reasonable time.

## III. Renewed request for a transfer

Poff again asks for a transfer to Waupun Correctional Institution where he could "successfully argue/litigate this case."  (Dkt. #29 at 3.)  This latest request appears to have crossed in the mail with the court's prior order denying injunctive relief and explaining that Poff must follow the court's procedures for requesting such relief.  (Dkt. #28.)  Poff asserts that his hunger strike continues in response to the discontinuation of "90% of his meds" including his asthma inhaler and headache medication, and because his doctor will not refer him to a throat specialist.  (Dkt. #29 at 1.)  Poff is on meal monitoring but asserts that health services staff are not following hunger strike protocols, and that he was assaulted by a non-defendant correctional officer while being evaluated for chest pains. Poff adds that a non-defendant unit manager refused to take pictures of Poff's injuries or to follow up with health services management.  Moreover, Poff claims to be suffering

2

retaliation, including placement in segregation without access to the law library or his legal materials.  Poff contends that his social worker requested his transfer to another prison to receive mental health treatment, which was denied.

This is Poff's fourth request for an injunction, but he has not shown that he is entitled to relief.  (Dkt. ##6, 12, 22, 29.)  He does not address:  (1) the likelihood of success on the merits of his case; or (2) a lack of an adequate remedy at law.  *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2001).  Poff does state that he could suffer serious harm without a transfer.  He raises issues that are concerning, but beyond the scope of this lawsuit, which concerns an alleged excessive force incident in 2020.  And Poff is not proceeding in this case on any claims against the individuals he faults for his current circumstances.[1]  It may be that Poff is able to state viable claims based on these newly alleged events.  Yet that does not change the fact that the court lacks the authority to address those concerns in this lawsuit.  *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (preliminary injunction requires "showing some likelihood of succeeding on the merits" of underlying claim).

Poff contends that he could litigate this case better at another institution.  But he has filed four discovery requests and five motions in the past month, all understandable and often supported by exhibits.  In one of his motions, Poff raises arguments against granting summary judgment in defendants' favor.  (Dkt. #27.)  Poff does not specify what legal materials he still needs to complete his response to defendants' exhaustion motion

---

[1] Poff does request an injunction against defendant Oswald but does not explain why or specify the relief he wants.

and to continue making and responding to discovery requests.[2]  Nor why he needs access to the law library at this point.  Defendants are raising exhaustion as a ground for summary judgment, which generally turns on factual and procedural rather than legal argument.  In any event, Poff's request for priority library access was not denied -- the respondent indicated that Poff needed to submit "a document stating a court ordered deadline."  (Dkt. #29-8 at 2.)  Poff has the court's prior order stating his prior deadline, and now has this one in which the court will grant him an extension and state his new response deadline.  The court is therefore not convinced at this time that Poff has reached the point where he is unable to continue litigating this case at his current institution.

## IV. Request for an extension and to use inmate release account funds

Finally, Poff requests a second extension of 28 days to respond to defendants' summary judgment motion and to use his release funds to pay for a lawyer and the remainder of the filing fee.  (Dkt. #32.)  Poff states that he still has not received a copy of defendants' motion and that he has been attempting to find legal assistance.  As noted, the court will send Poff a copy of dkt. #20.  The court will also extend his response deadline as requested.  But the court is not inclined to grant Poff any additional time to file his response to defendants' exhaustion motion absent good cause.

The court will deny Poff's request to use his release funds.  The use of inmate release account funds is governed by state law:  "Prior to release, the department may authorize

---

[2] In his latest motion for an extension, Poff notes that he had tried to send "his files" to a paralegal who had agreed to help him prepare his response to defendants' summary judgment motion, suggesting that Poff has the relevant legal materials.  (Dkt. #32 at 1.)

the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the department for incarceration costs, including legal loans and restitution."   Wis. Admin. Code § DOC 309.466(2). Except for initial partial payments of the filing fee, federal courts lack "the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."  *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009).

The court understands that litigating a case *pro se* is challenging.  But Poff's rapid-fire, piecemeal filings clog the docket and confuse the issues to be resolved.  Poff is advised to focus on the litigation tasks at hand -- preparing his response to defendants' motion and continuing the discovery process.

## ORDER

IT IS ORDERED that:

1) Plaintiff Jeff Poff's second request for documents (dkt. #31) is GRANTED.  The clerk of court is directed to mail a copy of dkt. #20 to plaintiff with this order.

2) Plaintiff's motion for a preliminary injunction (dkt. #22) is DENIED.

3) Plaintiff's motion for an extension of time and to use his release funds (dkt. #32) is GRANTED in part as follows:

    i. Plaintiff's response to defendants' summary judgment motion is due no later than December 16, 2022.  Defendants' reply is due on December 27, 2022.

    ii. Plaintiff's request to use his release funds is DENIED.

Entered this 4th day of November, 2022.

5

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge