IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFF POFF,

                    Plaintiff,                    ORDER

    v.

                                                               22-cv-238-wmc

LIEUTENANT FISHER,

                    Defendant.

On August 2, 2023, the court reserved ruling on plaintiff's motion for sanctions (dkt. #46) pending an evidentiary hearing on the question of officer compliance with WSPF's policy and procedures for use of body worn cameras as related to the claims in this case. Defendant's counsel asks for guidance on how to proceed because she is not able to produce as witnesses all of the officers the court requested. (Dkt. #87.) Although defendant and Officer Hagensick are available, officers Moravits and Warner, and Supervisor Boisen no longer work for the Department of Corrections and defendant's counsel has been "unable to contact" these witnesses. Plaintiff doubts this is so and asks the court to order all five witnesses to appear or to fine defendant. (Dkt. #88.) The court will do neither, but it will require defense counsel to explain what efforts were made to contact each of these potential witnesses and to provide under seal the last available contact information for each former officer. Regardless, officers Moravits and Warner were present the day of the incident underlying this case, as were defendant and Officer Hagensick, who also should be able to testify about the incident and body worn camera policies and procedures as they understood them at the time. As for Supervisor Boisen, he was not present, so his only role was to testify about body worn camera policies and procedures.

However, defendant has offered to produce a different supervisor who can testify to this information. Because defendant, Officer Hagensick, and this supervisor can provide all the relevant testimony, the hearing should be able to proceed with the witnesses that counsel is able to produce if necessary. Plaintiff also asserts that defense counsel has not provided him with the names of the inmates, if any, who were housed in cells 402 and 403 at WSPF on July 14, 2020, at the time of the underlying incident, as previously ordered by the court. (Dkt. #86.) If defense counsel has yet to disclose that information, the court again directs counsel to do so immediately or to explain why they have not. Once the court has resolved these remaining issues, the court will schedule the evidentiary hearing as soon as practicable.

Entered this 16th day of August, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge