IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

                      Plaintiff,                    ORDER

v.

                                                22-cv-238-wmc

LIEUTENANT FISHER,

                      Defendant.

---

*Pro se* plaintiff Jeff Poff is proceeding to trial on an excessive force claim against Lieutenant Janet Fisher. This order addresses Poff's motion for injunctive relief (dkt. #109) and his motion for clarification (dkt. #110).

To start, Poff requests injunctive relief in the form of an order requiring Waupun staff to allow him the use of a pen insert so that he can draft court submissions for e-filing and to use the telephone once per day while he is in segregation to "track down" witnesses. He also asserts that he has no law library access.[1] However, the court sees no basis to interfere with the institution's security-related decisions. Although Poff contends that he needs a pen to e-file his court submissions, he has e-filed subsequent motions that appear to be in pen and that are legible (dkts. #110, 114, 116), *and* he is also able to mail submissions to the court if he cannot e-file them (dkt. #109). Nor does Poff explain why he needs to use the phone once a day to "track down" witnesses when defense counsel has already identified the inmates who were in nearby cells during the incident underlying this case. Poff also does not specify what further litigation tasks he cannot complete without

---

[1] Poff also requested transfer to another institution, but the court will grant his motion to withdraw that request. (Dkt. #114.)

law library access, and he appears able to continue litigating this case as evidenced by his filing motions and other submissions, including his exhibit list for trial. (Dkt. #125.) Finally, to the extent Poff can show some additional need for phones use or library access leading up to trial, he should raise his concern with defense counsel first, then if counsel is unable or unwilling to accommodate a reasonable request, he may then return to this court with a renewed motion outlining the issue(s) and what efforts he made to resolve the remaining issue(s).

Poff has also filed a motion for clarification asking the court to allow him to use his release account to pay subpoena fees and to provide him information as to what motions in limine are and what he needs to do with respect to voir dire questions, proposed jury instructions, and jury verdict forms. (Dkt. #110.) The court will grant the motion in part insofar as it has sent him a copy of the preliminary pretrial packet that includes the standard voir dire questions and jury instructions and other helpful guidance. As for non-prisoner subpoenas and witness fees, if the witness agrees to appear voluntarily, Poff will not need to subpoena them; he should review the court's trial preparation order for further guidance on calling witnesses. (Dkt. #90.) Regardless, the only circumstance permitting this court to order use of release account funds is when a prisoner's general account has insufficient funds to pay an initial, partial filing fee payment. *See Cooper v. Matti*, No. 21-cv-727-slc, 2021 WL 5987170, at *3 (W.D. Wis. Dec. 16, 2021) ("[T]here is no federal law permitting this court to order prison officials to allow plaintiff to use his release savings account to pay for litigation costs such as postage, copies, and witness fees."). Thus, the court cannot direct state officials to pay for litigation costs from Poff's release account. To

the extent that plaintiff can show indigency *and* a real need for assistance, there may be some funds from the Attorney Admissions Fund that could be tapped.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion to withdraw in part his motion for injunctive relief (Dkt. #114) is GRANTED.

2) Plaintiff's motion for injunctive relief (dkt. #109) is DENIED.

3) Plaintiff's motion for clarification (dkt. #110) is GRANTED in part and DENIED in part. The court has sent plaintiff a copy of its preliminary pretrial packet, but it cannot direct state officials to pay for litigation costs from plaintiff's release account.

Entered this 18th day of October, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge