IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF POFF,

      Plaintiff,      OPINION AND ORDER

 v.

                    22-cv-238-wmc

JANET FISCHER,[1]

      Defendant.

---

*Pro se* plaintiff Jeff Poff is proceeding to trial on a claim that defendant Lieutenant Janet Fischer used excessive force against him during a range-of-motion check on July 14, 2020, at the Wisconsin Secure Program Facility. This case is scheduled for a jury trial on Monday, November 13, with a final pretrial conference ("FPTC") by videoconference on Friday, November 3, at 10:00 am. The following order addresses defendant's motions in limine and other trial matters. Poff submitted multiple exhibit and witness lists (dkt. ##107, 110, 125), but did not respond to defendant's motions, nor did he submit any of his own motions in limine, proposed instructions or verdict form. For discussion at the FPTC, attached to this order are drafts of the voir dire, introductory, post-trial and deliberations jury instructions as well as the special verdict form.

---

[1] The court has amended the case caption to reflect the correct spelling of defendant's name as indicated in the acceptance of service. (Dkt. #9 at 1.)

OPINION

A. Defendant's motions in limine (dkt. #117)

1. **Prohibiting plaintiff from arguing to the jury or inviting the jury to speculate what body worn camera footage would have shown and declining to issue an adverse inference instruction.**

Defense counsel has conceded that officers wearing body cameras during the use-of-force incident should have been recording the incident. (Dkt. #91 at 3.) Even so, defendant argues more than that plaintiff is not entitled to an adverse inference instruction; plaintiff should be prohibited from arguing to the jury or inviting the jury to speculate what the body worn camera footage would have shown.

There are a number of levels presented by defendant's motion. Among them is whether defendant can be held personally responsible for at least two of her subordinate officers' apparent failure to follow policy by turning on their body worn cameras or by not turning in the video from their cameras. Her subordinates and other officers now concede the former likely occurred, since those wearing cameras aver that they would have turned in any video with their cameras, and the absence of body worn footage suggests it never existed. However, defendant and her subordinates do not actually know, nor obviously can plaintiff.

Still, an adverse inference instruction would require some actual proof of bad faith destruction of the body worn footage, *see Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (establishing a defendant's duty to preserve is not enough to compel an adverse inference instruction; a plaintiff must also show destruction in bad faith), and there is none here save plaintiff's claim that the lights of the officers' body-worn cameras suggested they

were actually recording. While this is not enough for plaintiff to receive an adverse instruction, especially since the facts would have required defendant not only to enlist the officers under her command and responsible for videotaping the use-of-force incident, but also those responsible for preserving that video. But this does not mean a lieutenant's failure to ensure videotaping by subordinates (or worse, preserving it) is not open to argument by a plaintiff. Accordingly, this motion is GRANTED with respect to providing an adverse inference instruction and is otherwise DENIED.

2. **Reconsidering the court's ruling (dkt. #113) that allows plaintiff to argue to the jury that nondefendant officers present during the use-of-force incident violated DOC policy by failing to turn on their body cameras.**

Defendant also asks the court to prohibit plaintiff from arguing to the jury that at least two nondefendant officers present during the use-of-force incident failed in their obligation per DOC policy to turn on their body cameras. In support, defendant argues that there is no evidence that *defendant* violated the policy or was knowingly involved in the policy violation, and that allowing such argument would invite the jury to speculate that body camera footage would be harmful to her defense even though plaintiff has not established that he is entitled to an adverse inference instruction. For the reasons just addressed, as the officer in charge, the defendant has some arguable responsibility for the failure of those below her, and this motion is also DENIED. The court will further address this issue with the parties at the FPTC.

3

3. **Excluding any testimony, other evidence, argument, or questioning regarding the details of other legal cases involving defendant that are unrelated to this case, inmate grievances unrelated to this case, and her work file history.**

The motion is GRANTED, with the exception that Poff may use evidence: (1) for proper impeachment purposes; and (2) subject to discussion outside the jury's presence as to whether defendant has "opened the door" to its use. Whether either is possible will be the subject of discussion at the FPTC.

4. **Excluding any testimony, other evidence, argument, or questioning regarding the details of any lawsuit relating to the DOC or any other DOC employees.**

This motion is GRANTED.

5. **Excluding evidence or argument regarding other acts evidence relating of Officer Hagensick being investigated for distributing drugs within the Wisconsin Secure Program Facility or Nurse Adams having an inappropriate relationship with anyone at that institution.**

Poff has not established *any* relevance to his claim of excessive force with respect to either of these allegations against Officer Hagensick and Nurse Adams. Thus, this motion is also GRANTED.

6. **Limiting the potential compensatory damages to $1.**

Defendant argues that plaintiff has no evidence that he suffered any recoverable physical injury, and therefore cannot recover for any mental or emotional injury. *See* 42 U.S.C. § 1997e(e) (prisoner may recover damages for emotional harm only if he proves that he suffered a physical injury because of defendants' conduct). However, plaintiff claims defendant physically choked him *twice*, and he will have the opportunity at trial to

4

present testimony of the physical injury done him, and if so, to also seek damages for pain and suffering. The motion is therefore DENIED.

7. **Excluding any argument, questions, testimony, evidence, or recovery of damages regarding the causation of plaintiff's alleged physical or mental injuries, permanence, future care and treatment, or future pain and suffering.**

Defendant seeks to prohibit plaintiff or any other lay witness from offering a medical diagnosis or testifying that the incident caused any health problems or that plaintiff will require future treatment or suffer pain into the future without supporting expert testimony. The motion is GRANTED, with the clarification that plaintiff may testify about his own perception of his physical and mental health and may introduce other evidence of his symptoms and injuries falling outside the confines of this motion, including medical records, if any, addressing the possibility or likelihood of permanent injury arising out of the use-of-force incident.

8. **Allowing defense counsel to ask plainitff and his incarcerated witnesses about their felony-level criminal convictions during cross-examination.**

Defendant seeks permission under Federal Rule of Evidence 609 to ask Poff and any other incarcerated witnesses about their criminal convictions, including the title, date, and disposition of their felony-level offenses. This motion is GRANTED in part and DENIED in part. As is this court's general practice, where the nature of the crime would add little information with regard to a witness's character for truthfulness and tends to be unfairly prejudicial for unrelated reasons, defendant may ask an incarcerated witness

5

whether he is serving a sentence for a felony conviction. Should the witness answer "no," then those additional details may be disclosed.

### B. Other trial matters

#### 1. Street clothes

Incarcerated plaintiffs may appear at trial in street clothes rather than prison garb. Poff may wear street clothes, but it is his responsibility to arrange for that clothing. If Poff wishes to wear street clothes during trial, he should arrange for clothes to either be mailed or delivered to the office of the Clerk of Court, 120 N. Henry Street, Room 320, Madison, WI 53703, so that the clerk's office receives the clothing no later than 8:00 a.m. on the first day of trial. Alternatively, Poff may ask prison officials to transfer his clothing to the clerk's office when they bring him to the courthouse for trial. Whether prison officials would agree to do this is a matter within their discretion. **Poff should be prepared to address at the November 3 FPTC whether he has made, or will make, arrangements for street clothes to be delivered to the court.**

#### 2. Restraints

Restraints, particularly visible restraints, are rarely necessary in prisoner trials in this court. However, the court will take input from the parties at the final pretrial conference on what they believe is necessary for Poff. Should restraints be necessary, a stun belt is often sufficient.

### 3. Witnesses

Defendant will appear at all trial days voluntarily and will testify in person. Poff has identified 21 witnesses in addition to defendant that he intends to call between his witness and exhibit lists. (Dkt. ##107, 110, 125.) He has also requested in other filings that certain inmates, including Devonte Williams, Michael Harmon and Michael Lindsey, appear to testify at trial. (Dkt. ##93, 94, 104.) These numbers are unworkable and unjustified under all the circumstances of this case. Poff should provide a much shorter list and be prepared to defend all on this revised list at the FPTC, including: (1) who he still intends to call; (2) that he has followed the necessary procedures for calling those witnesses as described in the court's trial preparation order; (3) the order in which he intends to call his witnesses; and (4) whether any of his witnesses will testify via Zoom videoconference.

ORDER

IT IS ORDERED that:

1) Defendant's motions in limine (dkt. #117) are GRANTED in part and DENIED in part as explained above.

2) At the November 3, 2023, final pretrial conference, plaintiff should be prepared to discuss: (1) whether he has made arrangements for street clothes to be delivered to the court for trial; (2) which witnesses he intends to call and whether he has followed the necessary procedures for calling these witnesses; (3) the actual order of witnesses he intends to call; and (4) whether any of his witnesses will be testifying via Zoom videoconference.

3) The case caption is AMENDED to reflect the correct spelling of defendant's name as indicated in the acceptance of service. (Dkt. #9 at 1.)

4) Defense counsel is directed to ensure that Waupun Correctional Institution staff immediately print and provide a copy of this order and attachments for plaintiff so that he sees these documents well before the final pretrial conference.

Entered this 31st day of October, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge