'IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JEFF POFF,

    Plaintiff,                                                                  ORDER

    v.                                                                                    22-cv-238-wmc

JANET FISCHER,

    Defendant.
_____

    The sole remaining claim in this prisoner civil rights case filed by plaintiff Jeff Poff, a state inmate who represents himself, is that defendant Janet Fischer used excessive force by restraining plaintiff with a choke hold while he was in controlled observation status at the Wisconsin Secure Program Facility on July 14, 2020.  A jury trial is set for March 31, 2025, and there is a video final pretrial conference scheduled for March 21, 2025.  (Dkt. #153.)  Plaintiff has filed two motions for clarification and a motion for emergency injunctive relief.  (Dkt. ##154, 156, 157.)  Each motion is addressed briefly below.

    Plaintiff's first motion for clarification, filed on January 10, 2025, asks whether he will be allowed to argue to the jury at his upcoming trial that defendant Janet Fischer and others present during the use of force that forms the basis of his claim "decided <u>not</u> to turn on" body cameras worn by the correctional officers.  (Dkt. #154 (emphasis in original).)  Plaintiff's motion for clarification is granted to this extent:  The court has already ruled that "plaintiff will be able to argue at trial that at least two officers present during the use-of-force incident underlying this case failed in their obligation per Department of Corrections policy to turn on their body cameras."  (Dkt. #113, at 1.)  The motion will be

denied in remaining part. However, to the extent that plaintiff poses several additional questions regarding issues the court has already ruled on, the clerk's office will be instructed to send plaintiff another copy of the court's opinion and order entered on October 31, 2023. (Dkt. #132.)

Plaintiff's second motion for clarification, filed on February 14, 2025, appears to seek permission to request discovery in the form of text messages, emails, and other unspecified records transmitted between July 14, 2020, and the end of December 2020, by the following individuals: (1) Mark Kartman; (2) James Boisen; (3) Jaime Adams; (4) Gary Boughton; (5) Warner Quinn; (6) Austin Hagensick; (7) Cody Saylor; (8) Matthew Oswald; and (9) Jackson Muravits. (Dkt. #157.) Plaintiff also requests a continuance of the March 31, 2025 trial date. (*Id*.) Plaintiff does not offer facts showing how any of the requested discovery is likely to be relevant to his claims. Moreover, this case has been pending since 2022, and the deadline for completing discovery expired on September 29, 2023. (Dkt. #15, at 8 ¶ 5.) Therefore, plaintiff's motion to conduct additional discovery and his request to delay the trial (dkt. #157) will be denied.

Plaintiff has also filed a motion for emergency injunctive relief and for sanctions against the defendant, arguing that he was denied an opportunity to view video evidence related to his claims. (Dkt. #156.) Defendant Fischer has filed a response, advising that plaintiff viewed the requested video evidence on February 12, 2025, and that any delays in affording him access to the video were the result of miscommunication by staff. (Dkt. #158.) Because plaintiff has now had an opportunity to view the video, his motion for injunctive relief and for sanctions (dkt. #156) will be denied.

Finally, the court notes that plaintiff has submitted a list of proposed witnesses that includes the following: (1) Quinn Warner; (2) Jackson Muravits; (3) Austin Hagensick; (4) Cody Saylor; (5) Mathew Oswald; (6) Jaime Adams; (7) James Boisen; (8) Todd Breese; (9) Mark Kartman; (10) Erin Wherle; (11) Tosh Love; (12) Sgt. Mativa; (13) Devonte Williams; (14) Michael Harmon; and (15) Michael Lindsey. (Dkt. #154, at 4.) The last three witnesses on the list (Williams, Harmon, and Lindsey) are state prisoners who the court has already agreed to let testify by Zoom. (Dkt. #105.) None of the other witnesses appear on defendant's witness list (dkt. #120, at 1) and, to date, plaintiff has not indicated whether they will appear voluntarily.[1] Nor has he otherwise complied with the court's procedures for calling witnesses at trial, which were provided to plaintiff initially with the preliminary pretrial conference order on September 6, 2022. (Dkt. #15, attachment at pages 22-28.) A second copy containing an updated version of those procedures, which are also available on the court's public website, was provided to plaintiff on September 27, 2023. (Unnumbered docket entry.) Another copy of the court's procedures for calling witnesses by pro se litigants was included with the trial preparation order entered on December 4, 2024. (Dkt. #153, at 17-21.)

Motions for issuance of subpoenas were due on February 3, 2025. (*Id*. at 8-9.) He has missed that deadline. At this late date, plaintiff's proposed witness list is also far too long. As explained in the court's procedures, although plaintiff proceeds in forma pauperis, he must still contact the clerk's office and make arrangements to pay a fee for each witness

---

[1] Defendant has advised that she will appear each day at trial without being subpoenaed. (Dkt. #155, at 1.)

3

he wishes to subpoena. (*Id*. at 21.) Plaintiff must contact the court immediately, no later than March 7, 2025, if he plans to subpoena even a few witnesses for the trial.

ORDER

IT IS ORDERED THAT:

1) Plaintiff Jeff Poff's first motion for clarification filed on January 10, 2025 (dkt. #154) is GRANTED in part as set forth above, and DENIED in remaining part.

2) Plaintiff's motion for emergency injunctive relief and for sanctions (dkt. #156) is DENIED.

3) Plaintiff's second motion for clarification filed on February 14, 2025, seeking discovery and a continuance of the trial date (dkt. #157), is DENIED.

4) The clerk's office shall send plaintiff another copy of the court's opinion and order entered on October 31, 2023. (Dkt. #132.)

5) Plaintiff shall notify the court by filing a submission that must be received no later than March 7, 2025, whether he intends to subpoena any of the witnesses on his proposed list. If he does, he must comply with the court's procedures for calling witnesses who will not agree to appear voluntarily by filing a motion for a subpoena along with an affidavit with a brief summary of the witnesses' proposed testimony.

Entered this 25th day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge